WILLIAM B. THOM ET AL., PLAINTIFFS IN ERROR, v.
AUSTIN S. KIBBEE ET AL., DEFENDANTS IN ERROR.

Argued November 15, 1898—Decided March 6, 1899.

A promissory note, given by the maker to the payee, at the request of a
third person, to enable the payee to discharge a debt due to the latter,
is, in a legal sense, made for the accommodation of the payee and not
of his creditor.

On error to the Essex Circuit.

For the plaintiffs in error, *Franklin M. Olds.*

For the defendants in error, *Colie, Swayze & Titsworth.*

The opinion of the court was delivered by

GUMMERE, J. On April 28th, 1894, the Newark Hat
Case Company, manufacturers of boxes, was indebted to
Kibbee & Son, the defendants in error, in the sum of about
$1,400. The Wheeler & Russell Hat Company of Newark
were large purchasers of boxes from the hat case company,
and owed the latter on a running account. Their purchases
amounted to about $200 per week, for which they settled
weekly.

On the day named an agreement was made between the
hat case company, the Wheeler & Russell company and Kib-
bee & Son, that the Wheeler & Russell company should make
three notes of $400 each to the order of the hat case company,
in order that it might use them in discharge of its debt to
Kibbee, upon Kibbee's agreement to furnish the hat case
company all the lumber they might need for a year.

The notes were made by the Wheeler & Russell Hat Com-
pany, mailed by them to the hat case company, endorsed by
the hat case company to Kibbee and discounted by an Albany
bank. They were charged on the books of the Wheeler &
Russell company to the hat case company, and as the hat case

VOL. XXXIII.			48

company furnished them hat cases from time to time, the amount of their bills was credited against the charge of the notes. In the ensuing two weeks some $400 worth of hat cases had thus been credited; then the hat case company failed and stopped business.

When the first note became due it was paid by the Wheeler & Russell company, but payment of the two remaining notes was stopped. Suit was then brought upon them by the Albany bank and judgment recovered against the Wheeler & Russell Hat Company, which was paid by them to the sheriff of Essex county on February 5th, 1895. On the same day the Wheeler & Russell company assigned to Thom & Bailey, the plaintiffs in error, their claim against Kibbee & Son for the amount so paid, and on that claim the present suit is founded.

Upon proof of the facts above recited, the trial judge directed a judgment of nonsuit to be entered against Thom & Bailey, and error is assigned on that direction.

The theory upon which the plaintiffs in error seek a reversal of the judgment is that the notes were made by the Wheeler & Russell company for the accommodation of Kibbee & Son, and that having, as makers, been compelled to pay the amount thereof to a *bona fide* holder, the plaintiffs in error, as their assignees, are entitled to call upon Kibbee & Son to make good to them the moneys so paid.

The facts do not support this contention. The accommodated party, in a legal sense, is the person to whom the credit of the accommodating party is loaned, not a third person who may receive an advantage by the loan of the credit—not Kibbee & Son, but the Newark Hat Case Company. The notes were drawn to its order, delivered to it, charged to it by the makers on their books and used by it in the payment of its debt to the defendants in error. The whole arrangement of the parties shows that there was no intention or expectation that the Kibbees should be liable upon the notes except as second endorsers. As among the parties to the transaction, their only obligation was to furnish to the hat

case company so much lumber as the latter should need during the then ensuing year.

There was no error in the direction of the trial judge, and the judgment of the Circuit Court should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, VAN SYCKEL, LIPPINCOTT, GUMMERE, LUDLOW, NIXON, HENDRICKSON, ADAMS, VREDENBURGH.    11.

*For reversal*—DIXON, GARRISON, COLLINS, BOGERT.    4.