## 9913

### SHULL v. GLADDEN *ET AL.*

#### (95 S. E. 521.)

BILLS AND NOTES—INDORSEMENT BEFORE DELIVERY—NATURE OF LIABILITY.
—One who signed his name on the back of another's promissory note before delivery became liable as indorser by Negotiable Instruments Act 1914 (28 Stat. p. 678), secs. 63, 64, and, in the absence of notice of dishonor, he was not liable to the payee.

Before DEVORE, J., Richland, Spring term, 1917. Reversed.

Action by R. L. Shull against W. C. Gladden, W. M. Gladden, and J. S. Shehan. From judgment for plaintiff, defendant, W. M. Gladden, appeals.

Plaintiff alleged: That on the 25th day of April, 1914, the codefendant herein, W. C. Gladden, made, executed, and delivered to the plaintiff herein, R. Leon Shull, his certain promissory note in writing, dated that date, wherein and whereby he promised to pay to the plaintiff, R. Leon Shull, the sum of $314.20, eight months after date, to wit, on the 1st day of December, 1914, with interest thereon, at the rate of 8 per cent. per annum until paid, the said note being indorsed by W. M. Gladden and J. S. Shehan, who are made codefendants in this action.

The answer of the defendant, W. M. Gladden, contains three defenses, but the issues on this appeal arise upon the third defense of his answer, which is as follows:

"(1) That, on or about the 25th day of April, 1914, this defendant wrote his name across the back of the note set forth in paragraph 3 of the complaint, which had been previously executed by his codefendant, W. C. Gladden, the consideration of said note being an open account past due and owing by his codefendant, W. C. Gladden, to the plaintiff in this action.

"(2) That no notice of the presentment for payment and dishonor of said note was ever given this defendant, and he is informed and believes that by reason thereof he is discharged from any liability whatsoever upon said note."

R. L. Shull, the plaintiff, testified that W. C. Gladden gave him the note set out in the complaint to take up an account that plaintiff had against him; that the note was indorsed, and that Shehan and W. M. Gladden were present when W. C. Gladden signed the note; that the note was delivered to him, and that no part thereof has been paid. He further testified as to conversations with W. M. Gladden after the maturity of the note, tending to show waiver of notice of protest, but this being denied by W. M. Gladden, it it admitted, would present an issue for the jury, and such testimony given by both parties is omitted as being irrelevant to the issues on this appeal. The note was not offered in evidence at the trial, having been mislaid, but it is admitted that the copy set out in the complaint is a correct copy thereof. The plaintiff further testified:

That before he accepted the note, W. M. Gladden's name was written on the back of it. "I do not recall that I gave Mr. Gladden written notice by mail at the date of the manurity of the note (it was alleged in the complaint that plaintiff resided in Richland county and W. M. Gladden in Fairfield county). I will not say that I did not give him any notice at that time, but I do not recollect giving him any notice by letter. The note was in my possession at the time of maturity."

W. M. Gladden, for defendant, testified:

"I never received any notice whatever that this note was not paid at maturity; never had any conversation with Mr. Shull about it."

Cross-Examination:

"I had a conversation with Mr. Shull in the store some time in the fall, after the note was given. In response to question by plaintiff's counsel if he did not admit his liability on that note today, witness said: 'I did it when I indorsed it, but I don't do it today.' I never received any letter from Mr. Shull about the note, but received a letter from his attorney before suit was begun."

At the close of all the testimony, defendant's counsel moved the Court to direct a verdict for the defendant, W. M. Gladden, upon the ground that, according to the allegation of the complaint and the proof, said defendant was a mere endorser of the note under section 64 of the Uniform Negotiable Instruments Act of this State, 28 Stats. at Large, p. 678 (the note having been made since the passage of said act), and that there was no proof that there was any presentation of the note for payment at the time of maturity, at the place named for payment, and there was no evidence of any waiver of presentment for payment. The Court refused the motion, holding that the defendant was a comaker of the note, although he signed his name on the back of it.

The Court then directed a verdict for the plaintiff. The appeal presents the issue whether W. M. Gladden by writing his name on the back of the note before it was delivered to the payee became a comaker, or did he become an endorser, and as such entitled to notice of protest.

*Messrs. McDonald & McDonald,* for defendant-appellant, submit: *Appellant was not a comaker of the note, but merely an indorser thereon:* Uniform Negotiable Instrument Act, sections 63 and 64; 28 Stats. at Large, p. 678; 91

S. E. 801; 77 Ohio St. 311; 14 L. R. A. (N. S.) 842; 14 L. R. A. (N. S.) 847; 106 S. C. 472; 90 S E. 866.

*Messrs. John W. Crews* and *G. Duncan Bellinger,* for respondent, submit: *That under section 63 of the Uniform Negotiable Instruments Act (28 Stats. at Large, p. 678), the capacity in which W. M. Gladden signed the note could be shown by parol, and it was within the province of the presiding Judge to determine, under the evidence submitted, the true capacity of appellant. The fact the respondent alleged in his complaint that appellant was an endorser instead of alleging that he was a comaker does not limit the action to that of one against appellant as an indorser:* 106 S. C. 472 (911 S. E. 866). *As to waiver of notice of protest:* Negotiable Instruments Act, sec. 109; 14 S. C. 250.

March 4, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The judgment of the Circuit Court is reversed on the authority of *Norwood National Bank v. Piedmont Pub. Co.,* 106 S. C. 472, 91 S. E. 866.

Reversed.