11726

FARMERS' & MERCHANTS' NAT'L BANK v. BROWN *ET AL.*

(127 S. E., 865)

1. Bills and Notes—Evidence of Prior Course of Dealing May be Sufficient to Establish Waiver of Presentment and Notice of Dishonor.—Evidence of prior course of dealing between bank and parties liable on note, though unsatisfactory, may justify an inference of waiver of presentment and notice of dishonor under Negotiable Instruments Law, § 109.

2. Bills and Notes—Indorser's Offer to Execute Renewal Note is Sufficient Evidence to Sustain Finding of Waiver of Notice of Dishonor.—Offer by indorser of note to execute renewal note together with maker is sufficient evidence to sustain finding of waiver of presentment and notice of dishonor under Negotiable Instruments Law, § 109.

Before Dennis, J., Williamsburg, June, 1924. Affirmed.

Action by the Farmers' & Merchants' Bank of Lake City, against R. A. Brown and Beulah M. Brown. Judgment for plaintiff and the last named defendant appeals.

*Mr. J. D. O'Bryan,* for appellant, cites: *Waiver of presentment and notice of dishonor:* 7 Cyc., 11263; 2 Daniels Neg. Inst. (6th Ed.), 1310; 114 S. C., 183; 3 R. C. L., 1185, 1242, 1241, 1244.

*Mr. Philip H. Arrowsmith,* for respondent, cites: *Answer admits execution of note:* 105 S. C., 513; 93 S. C., 363; 101 S. C., 185. *Notice may be waived:* Neg. Inst. Act, Sec., 109. *Notice to husband as agent was notice to wife:* 3 R. C. L., 1244, Sec., 471.

March 26, 1925.

The opinion of the Court was delivered by Mr. Justice Marion.

This is an appeal by the defendant Beulah M. Brown from the following decree of his Honor, Judge E. C. Dennis:

Note: On implied waiver of presentment and notice by indorser of note before maturity, see note in 33 L. R. A. (N. S.), 639.

"This case comes before me by consent of the parties for determination without a jury. This is a suit on a promissory note, by the plaintiff as assignee of the Bank of Lake City. The note sued upon was given by the defendant R. A. Brown and endorsed by the defendant Beulah M. Brown to the Bank of Lake City. This note is dated April 1, 1920, due June 1, 1920, is signed by R. A. Brown, and indorsed by Beulah M. Brown; but no notice was given to the indorser Beulah M. Brown. The evidence shows that the Browns were living in Charlotte, N. C., at the time the note became due, and that soon after receiving notice that the note was due R. A. Brown went to Lake City and tried to have the note renewed. The cashier of the Bank of Lake City agreed to try to carry the note forward for him, and a new note was made out for the same sum of money, to become due August 15th, and it was agreed that R. A. Brown would procure the indorsement of Beulah M. Brown on the renewal note. This he did and forwarded the renewal note to the Bank of Lake City. The renewal note was for the same amount, and when it was returned to the Bank of Lake City the discount was not added, and the note did not have any stamps on it, and the directors of the bank refused to accept the renewal and kept both notes. It appears from the testimony that in dealing with R. A. Brown and Beulah M. Brown with reference to notes indorsed by Beulah M. Brown, the bank had on other occasions merely notified R. A. Brown, who was the husband of Beulah M. Brown, and no advantage was sought from the fact that personal notice was not given to Beulah M. Brown. From all of the circumstances of the case, I am of the opinion that the note sued upon is valid obligation of Beulah M. Brown and that she cannot escape payment of the same, as I think the circumstances show a waiver on her part and that her conduct in the matter estops her from now attempting to escape liability.

"It is therefore ordered and adjudged that the plaintiff recover judgment of the defendants R. A. Brown and Beulah M. Brown in the sum of $3,500, with interest thereon from June 1, 1920, at 8 per cent. per annum, and $150 attorney's fees."

The four exceptions make the one point that there was no evidence to support the circuit Judge's finding that the appellant, the indorser of the note sued on, had waived notice of dishonor.

Section 109 of the Negotiable Instruments Law (section 3760, vol. 3, Code 1922) is as follows:

"Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be either express or implied."

This is a law case in which the findings of fact by the Circuit Court are not reviewable by this Court. The only question for determination, therefore, is whether there was any evidence tending to establish waiver, express or implied, by the indorser of the holder's omission to give due notice of dishonor.

While the evidence tending to establish waiver from such a prior course of dealing between the bank and the parties to this paper as would warrant the bank in concluding that the indorser intended to permit the presentment and notice of dishonor to be dispensed with (3 R. C. L., 1240, § 466) is unsatisfactory, we cannot say there was no evidence which would justify the inference of fact drawn by the Circuit Court in that aspect of the case. A review and analysis of the evidential facts for the purpose of demonstrating the correctness of that conclusion will not be undertaken, however, for the reason that the evidence clearly establishes one fact upon which we think the validity of the Circuit Judge's finding may be safely rested. After the maturity and dishonor of the note sued on, the defendants as maker and indorser offer to take up the note in suit by giving a renewal note. While it has been held in other

jurisdictions that the execution of, or a promise to execute, a renewal note by an indorser does not constitute a waiver of notice of dishonor (see 3 R. C. L., 1241, § 468) under the view adopted by this Court in *Fell v. Dial,* 14 S. C., 247, evidence of an offer or promise by the indorser to renew is, as we apprehend, clearly sufficient to warrant the inference of waiver. In *Fell v. Dial,* after approving the rule laid down in *Schmidt v. Radcliff,* 4 Strob., 296; 53 Am. Dec., 678, "that a promise by the party entitled to notice to pay the bill, is deemed a full and complete waiver of the want of due notice," the Court by Mr. Justice McIver, speaking to the point now before us, said:

"The third request, that a promise to renew the note did not amount to admission of liability, was properly refused. It certainly amounted to a promise to take up the note in suit by giving another, and that certainly was just as much an admission of liability as a promise to take up the note by paying it in money or giving a draft on a factor would be."

For the reasons indicated, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.