11890

COMMERCIAL NAT. BANK v. ASHLEY CORPORATION *ET AL.*

(130 S. E., 890)

1. BILLS AND NOTES—EVIDENCE—PERSON PLACING NAME ON BACK OF PAPER BY BLANK INDORSEMENT IS INDORSER, NOT LIABLE TO PAYEE IN ABSENCE OF NOTICE OF DISHONOR, WITH CERTAIN EXCEPTIONS; BURDEN OF PROOF AS TO INDORSEMENT STATED; PAROL EVIDENCE AS TO INDORSEMENT ADMISSIBLE.—Under Uniform Negotiable Instruments Act, person placing name on back of paper by blank indorsement is an indorser, and under Section 89 of the Act is not liable to payee in absence of notice of dishonor, except in special

circumstances, expressly set forth in Section 115 of the Act, and burden of proving that indorsement falls within one of exceptions rests on party who makes such contention; parol evidence being admissible for that purpose.

2. BILLS AND NOTES—NOTE HELD NOT INSTRUMENT MADE FOR AC-COMMODATION OF INDORSER.—Indorsement by paving company of its debtor's note, proceeds being used for payment of debt, *held* not for accommodation of indorser within the meaning of Negotiable Instruments Act, § 115, rendering indorser liable without notice of dishonor.

3. BILLS AND NOTES—PAROL EVIDENCE HELD INSUFFICIENT TO WARRANT INFERENCE THAT INDORSER INTENDED TO ASSUME POSITION OF MAKER OF NOTE.—Parol evidence, showing that paving company, who had indorsed note for debtor, proceeds being applied to debt, had negotiated for extensions of note at different times, and corresponded with reference to release of indorsement, *held* insufficient to warrant inference that indorser intended or agreed to assume the position of maker on note.

4. BILLS AND NOTES—EVIDENCE OF WAIVER OR ESTOPPEL TO RELY ON NOTICE OF DISHONOR BY INDORSER HELD NOT CONCLUSIVE AS TO WAR-RANT DIRECTION OF VERDICT.—Evidence tending to establish waiver or estoppel of indorser of note from relying on notice of dishonor *held* not so conclusive as to warrant direction of verdict by Court.

5. BILLS AND NOTES—EXCLUSION OF LETTER WRITTEN BY INDORSER TO PRESIDENT OF BANK, WHO WAS ALSO AGENT OF MAKER OF NOTE, RELATIVE TO RELEASING INDORSEMENT, HELD ERROR.—Refusal to admit in evidence letter concerning release from indorsement, written by indorser to president of bank, who was also agent of maker of note, which was given for purpose of paying debt to in-dorser, *held* error; letter being relevant on issue whether indorse-ment was for accommodation of indorser or whether he was en-titled to notice of dishonor.

Before MAULDIN, J., Charleston, October, 1924. Re-versed and new trial ordered.

Action by the Commercial National Bank against the Ashley Corporation and the Simmons-Mayrant Company. From a judgment for plaintiff, defendant last named ap-peals.

*Messrs. Buist & Buist,* for appellant, cite: *Accommoda-tion party:*   Civ. Code, 1922, Sec. 3680; 193 P. 1044; 8 C. J., 253, 254 and 259; 62 N. J. L., 753; 42 A., 729; 180 S.

W., 561; 277 Mo., 425; 210 S. W., 1; 217 S. W., 557; Ogden on Neg. Instruments, 2nd Ed., 145; 75 A., 550. *What constitutes indorsement:* Civ. Code, 1922, Secs. 3714 and 3715; 109 S. C., 219; 95 S. E., 521. *Notice of dishonor:* Civ. Code, 1922, Secs. 3740 and 3766; 8 C. J., 283; 217 S. W., 557; 193 P., 1044; 137 S. W., 790; 234 Fed., 481. *Construction of statutes, effect given every word:* 36 Cyc., 1128; 52 S. E., 657; 96 S. E., 771; 129 S. C., 480; 124 S. C., 760. *Waiver of notice:* 131 S. C., 265; 127 S. E., 365.

*Messrs. Barnwell & Grimball,* for respondent, cite: *N. I. L. interpreted by reference to law merchant:* 3 R. C. L., 854. *Character of parties to instrument; intention of parties given effect:* 114 S. C., 480; 103 S. E., 777; 106 S. C., 472; 91 S. E., 866; 95 U. S., 90. *Proof of indorsement before delivery; before N. I. L.:* 41 S. C., 81; 56 S. C., 480; 104 S. C., 44; 88 S. E., 296; 106 S. C., 472; 91 S. E., 866; 114 S. C., 480; 103 S. E., 777; 120 S. C., 253; 113 S. E., 70. *Same; under N. I. L.:* 3 R. C. L., 1124; Civ. Code, 1922, Sec. 3715; 187 N. W., 77; 106 N. W., 429; 113 S. W., 390; 93 So., 113; 63 A., 217; 122 A., 7; 167 N. C., 600; 4 A. L. R., 751. *Necessity for rules of diligence in regard to negotiable instruments:* 3 R. C. L., 1180; 1 Rich., 397; 114 S. E., 412; 119 S. E., 589. *Indorsement defined:* Civ. Code, 1922, Secs. 3714 and 3715. *Notice of dishonor:* Civ. Code, 1922, Sec. 3766. *Intention to be bound as maker:* Civ. Code, 1922, Sec. 3714. *Obligation of maker:* Civ. Code, 1922, Sec. 3711. *Waiver of notice of dishonor:* 127 S. E., 305.

December 22, 1925.

The opinion of the Court was delivered by Mr. Justice Marion.

Action upon a note, brought by the plaintiff, bank, against the two defendants, Ashley Corporation and Simmons-May-

rant Company. On the trial thereof in the Circuit Court, the presiding Judge directed a verdict for the plaintiff. From judgment thereon, the defendant Simmons-Mayrant Company appeals upon exceptions which assign error (1) in the direction of the verdict and (2) in the exclusion of certain evidence.

The pertinent allegations of the complaint are, in substance, (1) that on or about March 6, 1922, the defendant Ashley Corporation, for value received, executed and delivered to the plaintiff a certain promissory note in writing, whereby it promised to pay to plaintiff's order $2,800, 90 days after the date thereof, "and at the time of the execution and prior to the delivery of said note, the defendant Simmons-Mayrant Company, by S. Lewis Simmons, secretary and treasurer, wrote its name on the back of the said note as indorser thereof, and thereby made itself liable as indorser of the said note," etc.; (2) and "that demand for the payment of the said note was duly made on the maker and indorser at the maturity thereof, and payment" refused. By its answer the defendant Simmons-Mayrant Company expressly denied "of its own knowledge" the allegations of the complaint to the effect that demand for payment had been "duly made," etc., and further denied, for lack of knowledge, etc., the allegation of nonpayment.

Upon the issues so made by the pleadings, the evidence adduced established the following facts, which are practically undisputed:

In 1918, Simmons-Mayrant Company did some paving work for Ashley Corporation, a real estate corporation, for which T. T. Hyde, doing business under the name of T. T. Hyde & Sons, was agent. There was due Simmons-Mayrant Company for the work $2,824.40, and, as Ashley Corporation did not have the money to pay the bill, it offered to give Simmons-Mayrant Company its note. In reply to this offer, Simmons-Mayrant Company wrote the following let-

ter to T. T. Hyde, the agent of Ashley Corporation, who was also president of the Commercial National Bank, the plaintiff·here:

"We beg to say that we will take the note for paving on Meeting Street, but we would be very glad if you would arrange this through the Commercial Bank. We are large borrowers in the People's Bank and the notes we indorse are counted against our account as well as regular amount we borrow."

Thereafter, on March 15, 1919, Ashley Corporation executed its note, payable in 60 days to Commercial National Bank for $2,824.40, which note was indorsed by the defendant Simmons-Mayrant Company, and discounted by the Ashley Corporation with the Commercial National Bank. Ashley Corporation thereupon paid its indebtedness to Simmons-Mayrant Company. The original note was renewed from time to time. The last renewal note, which was not paid at maturity, and upon which this action was instituted, was executed by Ashley Corporation and indorsed by Simmons-Mayrant Company on March 6, 1922, being for $2,-800, and due 90 days after date. On April 12, 1922, Simmons-Mayrant Company wrote T. T. Hyde, in care of T. T. Hyde & Sons, a letter, which is as follows:

"Referring to our conversation of yesterday in regard to the note of the Ashley Corporation, discounted in the Commercial National Bank and on which we are the indorsers, as we told you, while we are not directly out of the money on this, our indorsement on the note hampers our credit, and we will certainly appreciate it if you will arrange to have this fixed so our indorsement will be released by the time the note comes due again. We inferred from what you said that you will arrange it in that way and were to let us know yesterday. I suppose, however, that in the press of business you forgot to communicate with us. We are writing to remind you of it. As far as we can tell from our records,

this note will be due about June 6. It was renewed, according to a memorandum we have, for 90 days from March 6. Thanking you in advance for you attention in the matter, as well as for your courtesy in the interview, we remain," etc.

The foregoing letter, offered in evidence by the defendant, Simmons-Mayrant Company, was excluded by the Court on the ground that it was a self-serving declaration.

The plaintiff moved for a directed verdict upon the ground that it appeared conclusively from the evidence (1) that the defendant Simmons-Mayrant Company received the benefit of the note in suit, and that it was for the benefit of that defendant, and therefore no notice of dishonor was required; (2) that the defendant Simmons-Mayrant Company had such notice as the law requires to enable it to act promptly in the protection of its interests, and that it was therefore bound as indorser; and (3) that no other inference could be drawn from the testimony than that the said company, by its continuous course of conduct during the life of the note and renewals had waived any requirement as to the note.

The presiding Judge sustained the first of the foregoing contentions and held that the undisputed facts made a case falling within the provisions of the third subdivision of Section 115 of the Negotiable Instruments Act (Section 3766, Vol. 3, Code, 1922), which reads as follows:

"Notice of dishonor is not required to be given to an indorser in either of the following cases:   *   *   *

"(3) Where the instrument was made or accepted for his accommodation."

The appellant's exceptions (1 to 8, inclusive) challenge the correctness of the foregoing ruling.

Prior to the adoption in this State of the Uniform Negotiable Instruments Act, 1914 (28 Stat. pp. 668, 678), one who placed his name on the back of a

promissory note before or at the time of delivery assumed the position of a co-maker and became liable in that capacity. But, as has been expressly held by this Court (*Norwood National Bank v. Piedmont Pub. Co.,* 106 S. C., 472; 91 S. E., 866. *Shull v. Gladden et al.,* 109 S. C., 219; 95 S. E., 521) by force of said act such person so placing his name on the back of the paper by blank indorsement is an indorser. As such indorser, he is not liable to the payee in the absence of notice of dishonor (Section 89 of Act; Section 3740, Vol. 3, Code, 1922. *Shull v. Gladden, supra*), except in the special circumstances which are expressly set forth in Section 115 of the Act (Section 3766, of the Code) above referred to. Where for the purpose of relieving the holder of the paper of the duty of giving the required notice of dishonor to an indorser as required by Section 89 of the Negotiable Instruments Act (Section 3740, Code, 1922), it is sought to establish that the indorsement falls within one of the exceptions specified in Section 115 (Section 3766, of the Code), the burden of proving that contention rests upon the party who makes it. That parol evidence is admissible, and that its introduction is not inhibited or precluded by the Negotiable Instruments Act, upon that issue, would seem to be sufficiently obvious.

But respondent's contention, sustained by the trial Judge, that the parol evidence adduced in this case conclusively established that the indorsement of this note by the Simmons-Mayrant Company was made under circumstances which brought it within the exception for which Subdivision 3 of this Section (Code, § 3766) makes provision, is, we think, untenable. Bearing in mind the pertinent language of that section, that "notice of dishonor is not required to be given to an indorser * * * (3) where the instrument was made or accepted for his accommodation," the question here is whether this note was made by the maker, Ashley Corporation, for the "accommodation"

of the indorser, Simmons-Mayrant Company, in the sense contemplated by the statute. The rationale of the foregoing provision of the. Negotiable Instruments Law, as we apprehend, lies in the consideration that an indorser for whose accommodation the paper is given is under the obligation to take up the bill or note, and in case of so doing, has no recourse or remedy over against any other party; consequently, being without legal possibility of injury by a failure to make demand or give notice of dishonor, he is not entitled to such formal demand or notice of dishonor. 8 C. J. 285, § 447. Thus, in *Gate City National Bank v. Schmidt,* 168 Mo. App., 153, 157; 152 S. W., 101, 102, the Court said:

"An indorser for whose accommodation a loan is made, and who on the dishonor of the note is not entitled to due presentment and notice of protest, is one whose real relation to the maker is that of the primary debtor—the proper party to pay the note—and the reason he is not entitled to due presentment and notice is that 'he can suffer no injury or loss by reason of the want of due presentment, since, if it had been dishonored and he had been obliged to pay it, he could have no recourse over against the maker, any more than a drawer of a bill of exchange would have against his accommodation acceptor, in case of a dishonor by the latter.'"

Applying the foregoing test, it is clear that this is not a case "where the instrument was made" for the accommodation of the indorser, the Simmons-Mayrant Company. We can perceive no valid evidential basis for an inference that the real relation of the Simmons-Mayrant Company, as indorser to Ashley Corporation, as maker, was that of the primary debtor. If this note had been paid at maturity by the maker, Ashley Corporation, under the facts adduced in evidence here, it would have had no remedy over against the indorser, Simmons-Mayrant Company. On the other hand,

if the note had been paid by the Simmons-Mayrant Company, it would, very clearly, have had recourse over against Ashley Corporation as maker. The fact that the Simmons-Mayrant Company received the proceeds of the note, and was benefited to that extent, is beside the mark. It received that benefit, not as the accommodated party to this paper, but as an antecedent creditor of the maker, Ashley Corporation. The Ashley Corporation could not pay its debt to Simmons-Mayrant Company without borrowing the money. It made the note upon which the loan was procured for the purpose of paying that debt. In procuring the loan, the Simmons-Mayrant Company loaned its credit to the Ashley Corporation—not the Ashley Corporation its credit to the Simmons-Mayrant Company. In which connection it has been well said that "an essential ingredient to be considered in determining who is the accommodated party is found in the element that he is the one to whom credit is loaned, and not the one who loans his credit." *First National Bank v. Bach,* 98 Or., 340; 193 P., 1044. And see 8 C. J., 254, § 401. *Thom v. Kibbee,* 62 N. J. Law, 753; 42 A., 729. *Overland Auto Co. v. Winters* (Mo. App.), 180 S. W., 561; Id., 277 Mo., 425; 210 S. W., 1. In that aspect of the transaction it is clear, we think, that the Ashley Corporation was the accommodated party, or party for whose accommodation the instrument was made, and not the Simmons-Mayrant Company. If so, and if, by virtue of the real relation between the parties, the maker, Ashley Corporation, was primarily liable and the indorser, Simmons-Mayrant Company, secondarily liable, there was, of course, nothing in such real relation which would reasonably warrant the abrogation of the rules of diligence which are designed for the protection of parties secondarily liable upon negotiable instruments; and in no view do we think it may soundly be held that the Simmons-Mayrant Company was an indorser for whose

"accommodation" the note was made within the meaning of Section 115 of the Act (Code, § 3766).

Respondent further contends, however, that, even if the Simmons-Mayrant Company was not an indorser for whose accommodation the paper was made within the meaning of the statute, it was competent to establish by parol evidence that, as between the indorser and the payee, the intention was that the indorser should be bound as maker, and that the evidence here adduced conclusively established that such was the intention of the parties. Waiving the objection that this position was not taken on the trial below, and conceding for present purposes, but not deciding, that parol evidence would be admissible to establish such intention, we are clearly of the opinion that no evidence was adduced in this case which would reasonably warrant the inference that the Simmons-Mayrant Company intended or agreed to assume the position of a maker on this note or to become bound to the payee in that capacity. The Simmons-Mayrant Company's agreement to "take the note," and its request that T. T. Hyde, agent of the proposed maker, who was also president of the Commercial National Bank, would arrange the note through that bank, for the reason that notes indorsed would be counted against its account in the People's Bank, would seem to strengthen rather than weaken its contention that it never contemplated becoming a party to the note in any other capacity than that in which its name actually appeared on the instrument—that of indorser.

The additional ground upon which respondent has asked that the judgment be sustained—that "appellant is estopped from relying on notice of dishonor and has waived the right to notice"—is likewise untenable. If there was evidence tending to establish waiver or estoppel, it was certainly not so conclusive as to warrant the direction of a verdict by the Court. See *Farmers' &*

*Merchants' Nat. Bank v. Brown,* 131 S. C., 265; 127 S. E., 365.

It follows that exceptions, directed to the contention that the trial Court committed error in directing a verdict against the defendant Simmons-Mayrant Company, on the ground that such defendant was not entitled to notice of dishonor as an indorser, must be sustained.

It is further contended by appellant (Exception 9) that the presiding Judge erred in ruling out the letter of Simmons-Mayrant Company to Major T. T. Hyde, dated April 12, 1922, on the ground that it is a self-serving declaration. This letter, which is hereinabove set out, referred to a previous request of the writer that Major Hyde arrange to have the Simmons-Mayrant Company's "indorsement" on this note released by the time the note came due on or about June 6, and conveyed notice of the writer's inference from a previous conversation that the matter would be arranged "in that way," etc. The respondent appears to have largely relied on the letter of Simmons-Mayrant Company to T. T. Hyde & Sons under date of February 28, 1919, to support its contention that Simmons-Mayrant Company was the accommodated party to, or a maker of, this note; and in that connection, in its printed argument, says: "It must be remembered that Mr. Hyde besides being agent for Ashley Corporation, was also president of Commercial National Bank, the plaintiff here." On the issue as to whether the appellant had waived, or was estopped to assert, its right to notice of dishonor, the knowledge of the bank as to the appellant's attitude with respect to a renewal of its "indorsement" at the next maturity date of the note, we think, was relevant. And, in the possible view that Mr. Hyde was acting in this transaction as agent for both the maker, Ashley Corporation, and the payee, Commercial National Bank, and that notice to him of the indorser's attitude would be notice to the bank, we think the

letter was admissible. The exception assigning error in its exclusion must therefore be sustained.

The judgment of the Circuit Court is reversed, and a new trial ordered.

Reversed.

Messrs. Justices Watts and Cothran and Mr. Acting Associate Justice R. O. Purdy concur.

Mr. Chief Justice Gary did not participate.