TAMPA ELECTRIC CO. v. HARRY VAVOUDES.

149 So. 584.
Division A.
Opinion Filed July 20, 1933.
Rehearing Denied Sept. 14, 1933.

*Knight, Thompson & Turner,* for Plaintiff in Error;
*Drumright & Carswell,* for Defendant in Error.

PER CURIAM.—This is an action for personal injuries. It is shown that Defendant in Error alighted from a street car at the intersection of Franklin and Estelle Streets in Tampa, Florida. There was an automatic switch located at the center of the intersection of the two streets and in order that a car might proceed down Franklin Street, it was necessary for the operator to turn off the current about fifty feet before reaching the switch. This caused the switch to remain open, but if he wanted to proceed along Estelle Street, he turned on the current at the same distance and this automatically turned the switch diverting the car to Estelle Street.

Immediately before the accident, the car stopped to let off defendant in error and other pasengers, the operator turned off the current and the car proceeded along Franklin Street. As the front trucks passed over the switch, a bolt holding the tongue of it broke, this threw the switch and caused the rear trucks of the car to proceed along Estelle Street. As the rear end of the car thus departed from its correct course it struck the defendant in error, bruising and lacerating his legs and arms, bruising his back, crushing his skull, and otherwise injuring his head, rendering him unconscious and causing him permanent injuries.

A trial resulted in a verdict and judgment for $15,000.00 in favor of the plaintiff, a new trial denied and the cause was brought here for review on writ of error.

Plaintiff in error contends that the judgment below should be reversed because the evidence conclusively shows that at the time of the accident, the car was being operated with due care and prudence and no negligence on its part is shown to have been committed.

We have examined the record and the numerical strength of the evidence preponderates to this effect, though there is contrary evidence ample to support the verdict. It is our view that under the facts presented, this is a proper case for the application of the doctrine of *res ipsa loquitur* and being so, the judgment below should be permitted to stand. The defendant in error had just alighted and was retreating from the car that struck him, there is no proof of contributory negligence, the injury occurred at a point where the car had no right to and was not supposed to be. Why it broke the bolt and left the track was not satisfactorily explained and if it had been, by the facts recited, this was a hazard for which the plaintiff in error rather than the defendant in error must suffer the consequences. Chicago Union Traction Co. v. Giese, 229 Inn. 260, 82 N. E.

232; Caffrey v. Philadelphia Rapid Transit Co., 249 Pa. 364, 94 Atl. 924, 10 Negligence and Compensation Cases Ann. 250; Bergen Traction Co. v. Demarest, 62 N. J. L. 755, 42 Atl. 729, 72 American State Reports 685.

We find nothing in the record that would warrant us in disregarding the testimony of recent previous instances in which this identical switch was out of order and when its manipulation depends on as many contingencies as are related here, we think more than ordinary care was imposed on the plaintiff in error in seeing that it was properly maintained and operated.

The judgment below is therefore affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.