**ATLANTIC COAST LINE RAILROAD COMPANY, Appellant,**

v.

**Margaret DE MAYO, Appellee.**

**No. 15123.**

United States Court of Appeals Fifth Circuit.

May 13, 1955.

H. Reid DeJarnette, Miami, Fla., Parker Holt, Fort Myers, Fla., Frank A. Howard, Jr., Dixon, DeJarnette & Bradford, Miami, Fla., Henderson, Franklin, Starnes & Holt, Fort Myers, Fla., C. C. Howell, Wilmington, N. C., for appellant.

Paul G. Hyman, Richard E. Hodges, and Britton, Hodges & Hyman, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and DAWKINS, District Judge.

DAWKINS, District Judge.

Plaintiff, appellee, was awarded a verdict in the sum of $25,000 for injuries allegedly received when she tripped over the loose end of a bracket which held the cover of a steam heating pipe extending along one of the end corridors of appellant's passenger coach. In some way, unexplained, one end of the bracket had become detached, some screws were missing, and it protruded a few inches into the aisle. The suit was by the husband and wife, alleging that the latter was a passenger upon one of appellant's trains and that in returning to her seat

5. See e. g. Pure Foods, Inc., v. Minute Maid Corp., 5 Cir., 1954, 214 F.2d 792.

on the coach from the dining car, she "tripped and fell over said metal strip, causing serious injuries".

Appellant's specifications of error are: (1) overruling motions for directed verdict, judgment notwithstanding the verdict, and new trial; and (2) charging the jury that the doctrine of res ipsa loquitur applied to the facts of the case.

There is no dispute that one end of the metal strip holding the pipe covering in place was loose and extended into the aisle a few inches. Immediately after the fall, appellee informed the coach maid and inspector and they, too, found the bracket loose as claimed. Appellee made no complaint at that time of injuries, and hers is the only testimony that she actually fell.

Appellant proved by the maid, the chair car attendant, who called himself "transport inspector" (usually known in the south as porter) and the conductor that they had passed along the same aisle repeatedly only a short time before the alleged tripping of appellee and saw nothing wrong with the bracket, the purpose being to show that it was either kicked loose by appellee or became detached immediately before the alleged fall.

The one question involved in this appeal is: did the court err in charging the jury that the doctrine of res ipsa loquitur applied? The charge on the point was as follows:

"Gentlemen of the jury the Court finds and instructs you that the plaintiff in this case relies on the legal doctrine of Res Ipsa Loquitur and that it finds this doctrine to be applicable in this case, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence of negligence where direct evidence of it may be lacking, but it is evidence weighed, not necessarily to be accepted as sufficient; that they call

for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff."

There is no question but that the appellant was under a very high duty to protect a passenger against injury in the course of his journey, but was not an insurer. Appellee's testimony that she fell by tripping over the loose end of the bracket protruding into the aisle made a prima facie case of negligence, thereby imposing upon the defendant railroad company the necessity of showing that it was free of fault. The circumstances were such that no one could say what caused the bracket to come loose, but there is no question that it did, thus creating a presumption of negligence on the part of appellant, and it was the jury's function to decide the weight of the evidence.

Appellant cites a number of cases to support its contention that res ipsa loquitur did not apply, but in those the offending object was not exclusively in the control of the party charged with liability, such as Reichenbach v. New Alamac Hotel Corporation, Fla., 194 So. 250; Schott v. Pancoast Properties, Fla., 57 So.2d 431; whereas, in others which it cited, such as Tampa Electric Company v. Vavoudes, Fla., 149 So. 584; Skinner v. Ochiltree, Fla., 5 So.2d 605; St. Petersburg Coca-Cola, etc., v. Cuccinello, Fla., 44 So.2d 670; West Coast Hospital Ass'n v. Webb, Fla., 52 So.2d 803, the instrumentalities causing the damage were in defendant's control, and the doctrine was applied. See also Yarbrough v. Ball U-Drive System, Fla., 48 So.2d 82, where the rented truck had been in the control of the defendant before the accident, and the evidence otherwise showed the driver of the vehicle had not been negligent. In that case

the drive shaft broke, creating a situation in which "the wreck would not have occurred had not the rented vehicle been mechanically defective."

The defendant also contends that the doctrine of res ipsa loquitur was excluded by F.S.A. § 768.05 which creates a presumption of negligence specifically against railroads, and that it was completely exonerated by its proof. However, all of the above cases were decided by the courts of Florida after this law was enacted and it would seem that if appellant's contention is well founded, it would have been raised and considered.

■ The granting of a new trial otherwise was within the sound discretion of the lower court.

Affirmed.